JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-8964-RGK (AGRx) | Date | December 12, 2016 |
|---|---|---|---|
| Title | *MOBERG v. SUNRISE SENIOR LIVING, LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) Order Remanding Action to State Court

On October 25, 2016, Richard Moberg, as Conservator of Kimlon Moberg ("Plaintiff") filed a complaint against Sunrise Senior Living d/b/a Sunrise at Sterling Canyon. ("Defendant") alleging claims for 1) negligence, 2) fraudulent misrepresentation and concealment, 3) negligent infliction of emotional distress, 4) elder abuse, and 5) unfair business practices. On December 2, 2016, Defendant removed the action to this Court alleging federal jurisdiction based on diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Plaintiff alleges that Kimlon Moberg ("Kimlon") is a resident of Sterling Canyon, which has an assisted living program. According to Plaintiff, Defendant advised him that Kimlon required a higher level of care within the assisted living program, which involved an assigned caregiver. Plaintiff agreed, and from January 2013 to February 2016, Kimlon's cost of care increased from $6,000 per month to $8,000 per month. Plaintiff alleges that under this higher level of care, Kimlon experienced theft, sexual assault, and physical injury. Plaintiff seeks general and special damages, restitution, and punitive damages. Plaintiff, however, has not alleged a specific amount.

In its Notice of Removal, Defendant points to Plaintiff's allegations regarding the increase of costs to $8,000, and the January 2013 to February 2016 time period. Defendant states that based on

Plaintiff's claim for restitution only, the amount in controversy is at least $200,000. Although unclear, it appears that Defendant derives its calculation using $8,000 per month over a three-year time period. This estimation of restitution damages is not supported by any evidence or by the facts alleged in the complaint, and the facts indicate an increase of only $2,000 per month for the higher level care. As to the other damages sought, Defendant only generally states that those damages also have been requested. This too, is insufficient for establishing that the damages sought exceed $75,000. Accordingly, Defendant fails to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |